IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 CV 4966 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| CITY OF CHICAGO, COSTAS SIMOS, | ) | Magistrate Judge Beth Jantz |
| and ERIN O'DONNELL, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CITY OF CHICAGO AND ERIN O'DONNELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Defendants City of Chicago ("City") and Erin O'Donnell ("O'Donnell), through their attorney, Mark A. Flessner, Corporation Counsel of the City of Chicago, submit their Motion to Dismiss Plaintiff's Complaint[1] pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Defendants state as follows:

1) Plaintiff brings a two-count Complaint against Defendant City, Costas Simos, and Erin O'Donnell[2] in their official and individual capacity under 42 U.S.C. § 1983 ("Section 1983")(Count I) and the Illinois Whistleblower Act ("IWA")(Count II).

2) Plaintiff's Complaint fails to state a cause of action against the City and O'Donnell under a theory of First or Fourteenth Amendment retaliation. Plaintiff also fails to state a claim against the City for *Monell* liability. Because Plaintiff has failed to allege the requisite elements necessary to

---

[1] Defendants' memorandum of law in support of the instant motion to dismiss is filed contemporaneously and incorporated herein by reference.
[2] While the City is moving to dismiss claims against it and Defendant O'Donnell in her individual and official capacities through the instant motion, it will adopt and incorporate by reference the arguments raised by Defendant Simos in his motion to dismiss made in a separate filing.

state a claim against the City under Section 1983, Count I must be dismissed against the City and O'Donnell in her individual and official capacity.

3) Plaintiff cannot state a claim against the City and O'Donnell under the IWA because his claims against are time-barred. Additionally, the City and O'Donnell are immune from liability under the Illinois Tort Immunity Act. Finally, Plaintiff cannot hold O'Donnell liable under the IWA because she is not an employer under the IWA.

4) The City requests that the time to answer any remaining claims in Plaintiff's Complaint be stayed pending this court's ruling on the City's motion to dismiss. *See Intercom Ventures, LLC v. FASTV, Inc.,* No. 13 C 232, 2013 WL 2357621* 6 (N.D. Ill May 28, 2013). Staying the City's answer to Plaintiff's Complaint until after the Court has ruled on this motion promotes efficiency and avoids confusion. *Id.*

WHEREFORE, for all of the foregoing reasons, the City respectfully requests that this Court dismiss Plaintiff's Complaint against the City and O'Donnell with prejudice, stay the time for the City to file its answer to the complaint pending ruling on the motion to dismiss, and grant all other and further relief that the Court deems necessary.

**Dated:  December 18, 2020**                Respectfully submitted,

MARK A. FLESSNER
Corporation Counsel of the City of Chicago

By: *s/ Melanie Patrick Neely*
MELANIE PATRICK NEELY
Supervising Assistant Corporation Counsel

City of Chicago, Department of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, Illinois 60602
(312) 744-5453

2